UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUAN P. CHAVEZ,

    Petitioner,

 vs.

JAMES A. YATES, Warden,

    Respondent.
              /

No. C 07-1574 PJH (PR)

**ORDER FOR PETITIONER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST**

  Petitioner, a California state inmate, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Petitioner has the burden of pleading exhaustion in his habeas petition. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

  Petitioner alleges that his conviction was affirmed by the California Court of Appeal and has not filled in the portion of the form which asks if he appealed to the California Supreme Court. He also has checked the "no" box to the question of whether he has had any other petitions or applications related to this conviction in any court, state or federal. In the space for a response to the instruction "[i]f any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why:," he has written: "All[;] I was told by appeals attorney that these grounds could only be raised

through a petition for a writ of habeas corpus." That is, he did not appeal to the California Supreme Court, and because he did not file any state habeas actions, he could not have exhausted by that route.[1] It thus appears that he has not exhausted.

Within thirty days of the date this order is entered petitioner shall show cause why this petition should not be dismissed for failure to exhaust. If he does not, the case will be dismissed.[2]

**IT IS SO ORDERED.**

Dated: October 12, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.07\CHAVEZ1574.OSC-EXH-P.wpd

---

[1] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. *See Nino v. Galaza*, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeals. *See id.* If the court of appeals denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. *See id.* at n.3.

[2] Petitioner is cautioned that under the Antiterrorism and Effective Death Penalty Act of 1996, effective April 24, 1996, petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or expiration of the time for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the United States Supreme Court, if the right was newly recognized and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for collateral review (such as a state habeas petition) is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2). The time that a federal petition, such as this one, is pending is not excluded. *See Duncan v. Walker*, 533 U.S. 167, 180-81 (2001).