| | |
|---|---|
| 1 | |
| 2 | |
| 3 | UNITED STATES DISTRICT COURT |
| 4 | NORTHERN DISTRICT OF CALIFORNIA |
| 5 | |
| 6 | |
| 7 | JUAN P. CHAVEZ, |
| 8 | Petitioner, No. C 07-1574 PJH (PR) |
| 9 | vs. **ORDER DISMISSING WITHOUT PREJUDICE FOR** |
| 10 | JAMES A. YATES, Warden, **FAILURE TO EXHAUST AND CLOSING CASE** |
| 11 | Respondent. |
| 12 | |

This is a habeas case filed pro se by a state prisoner. Petitioner indicated in his petition that he appealed to the California Court of Appeal but left blank that the part of the form which asks if he had appealed to the Supreme Court of California, and alleged that he had not filed any other challenges to his conviction. In the portion of the complaint which asks why any unexhausted issues were not exhausted, petitioner wrote that his attorney had told him that his issues had to be presented by way of a petition for habeas corpus. This court therefore concluded that he might not have exhausted and ordered him to show cause why the case should not be dismissed as completely unexhausted.

In his response to the order to show cause, petitioner concedes that his petition is not exhausted, asks that the time this petition was pending "not be counted against him," and asks for a copy of the petition.

The court is not permitted to provide an advisory ruling on whether the time this case was pending can be tolled, but as noted in the order for petitioner to show cause, such time is not automatically tolled. *See Duncan v. Walker*, 533 U.S. 167, 180-81 (2001). If petitioner is unsuccessful in state court and then files a new federal petition, and if the timeliness of that hypothetical petition is questioned by respondent, petitioner can argue

equitable tolling, that is, that "extraordinary circumstances" beyond petitioner's control prevented him from filing on time. *See Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds* by *Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc).

The petition is **DISMISSED** without prejudice as unexhausted. The clerk shall provide petitioner with a copy of his petition with his copy of this order and close the file.

**IT IS SO ORDERED.**

Dated: December 19, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.07\CHAVEZ1574.DSM.wpd

2